935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jerry L. BEAMON, Defendant/Appellant.
 No. 90-3194.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 20, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jerry Beamon was indicted on a charge of bank robbery in violation of 18 U.S.C. Sec. 2113(a). He originally pleaded not-guilty, but later changed his plea to guilty. His guideline range was 46 to 57 months based on an offense level of 19 and a criminal history category of IV. He was sentenced to 56 months in prison. Beamon was also ordered to pay a special assessment of $50 and restitution of $1640 upon release at the rate of $45 per month. After filing a notice of appeal, Beamon's court-appointed counsel filed a motion to withdraw his representation, claiming that there are no nonfrivolous grounds on which to base an appeal. See Anders v. California, 386 U.S. 738 (1967).
 
 
 2
 The sole issue raised by counsel in the Anders brief is whether the guilty plea was knowing and voluntary. Counsel contends that a review of the record and the transcript of the plea hearing indicates that there are no grounds for an appeal from the plea in this case. Specifically, he states that the district judge explained at length what the penalties were and that Beamon understood the government's recommendation and the penalties before pleading guilty.
 
 
 3
 Fed.R.Crim.P. 11 requires a district court to establish that a guilty plea is made knowingly and voluntarily. Bontokowski v. United States, 850 F.2d 306, 314 (7th Cir.1988). "Rule 11(c)(1) sets forth procedures 'designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.' " United States v. Montoya, 891 F.2d 1273, 1292 (7th Cir.1989) (quoting McCarthy v. United States, 394 U.S. 459, 465 (1969)). Under this rule, before accepting a guilty plea, a court must address the defendant personally to determine whether he understands the charge and to inform him of the penalties provided by law for the charge to which the plea is offered.
 
 
 4
 At the plea hearing, the government presented its offer of proof, and Beamon admitted the truth of the factual basis of the offense. The district court judge explained that the maximum penalties would be 20 years in prison, a $250,000 fine, and a $50 assessment. Beamon testified under oath that no one had threatened or forced him to plead guilty and that he understood that under the agreement the government was free to recommend up to the maximum sentence under the guidelines.
 
 
 5
 As part of his sentence, the court ordered Beamon to pay restitution. An issue that Beamon might raise is that the district judge failed to inform him at the plea hearing that his sentence could include restitution. Rule 11(c)(1) specifically requires the court to inform the defendant of the possibility of a restitution order. However, literal compliance with Rule 11 is not necessary where the total circumstances surrounding the plea indicate that the defendant was informed of his rights. United States v. Peden, 872 F.2d 1303, 1306 (7th Cir.1989). Beamon was informed that he might be fined as much as $250,000 (although the fine actually authorized by statute was $5000.00). The district court did not impose a fine, but did order restitution of $1640, based on the government's uncontested offer of proof. The amount of the restitution order was much lower than the maximum potential fine. Therefore, any literal violation of Rule 11 was harmless error. See United States v. Ray, 828 F.2d 399, 404 (7th Cir.1987) (citing Fed.R.Crim P. 11(h) Advisory Committee's Note (1983)) (a reviewing court should not give Rule 11 a "crabbed interpretation" that exalts ceremony over substance).
 
 
 6
 There are no nonfrivolous grounds for an appeal in this case. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 Pursuant to Circuit Rule 51(a), Defendant-Appellant's attorney filed a "Motion for Leave to Withdraw" and a "Brief in Support of Motion" on January 11, 1991. We notified the Defendant-Appellant of his attorney's filing and informed him that he could file a response raising any grounds that showed why his conviction should be set aside. No such statement was filed; the motion is therefore taken on the brief of the attorney and the record